UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MILTON GUTIERREZ, on behalf of himself, individually, and on behalf of all others similarly-situated,

Plaintiff,

-against-

GEMSTONE SUPERMARKETS, INC. d/b/a HOLIDAY FARMS, and DAVID MANDELL, individually, and VITO SANSOTA, individually,

Defendants.

**COMPLAINT** **Docket No.: 25-cv-6365**

Jury Trial Demanded

MILTON GUTIERREZ ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs," as these terms are defined below), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against GEMSTONE SUPERMARKETS, INC. d/b/a HOLIDAY FARMS ("Gemstone"), and DAVID MANDELL, individually, and VITO SANSOTA, individually, (together, where appropriate, as "Defendants"), alleges upon knowledge as to himself and his own actions, and upon information and belief as to all other matters, as follows:

## NATURE OF THE CASE

1. This is a civil action for damages and other redress based upon willful violations that Defendants committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 142-2.2; (iii) the NYLL's requirement that employers furnish employees with a wage

statement containing specific categories of accurate information on each payday, NYLL § 195(3); (iv) the NYLL's requirement that employers furnish employees with a wage notice containing specific categories of accurate information at the time of hire, NYLL § 195(1); and (v) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff worked for Defendants - - a New York corporation that operates at least eight supermarkets in New York, its owner, and its day-to-day deli manager - - first as a deli counter clerk at Defendants' location in Franklin Square, New York, from September 2022 to September 2024, then as an assistant manager, a managerial position in name only, at that same location from September 2024 to May 2025, and finally as an assistant manager at Defendants' location in Glen Head, New York, from May 2025 until July 4, 2025. As described below, throughout his employment, regardless of title or location, Defendants required Plaintiff to work, and Plaintiff did work, in excess of forty hours each workweek, or virtually each week. Yet in exchange, Defendants paid Plaintiff on an hourly basis at his regular rate for each hour that he worked, and thus Defendants did not pay Plaintiff at his overtime rate of one and one-half times his regular rate for the hours that he worked over forty in a week, in violation of the FLSA's and the NYLL's overtime provisions.

3. Defendants further violated the NYLL by failing to furnish Plaintiff with an accurate wage statement on each payday or with any wage notice at the time of his hire, let alone an accurate notice.

4. Defendants paid and treated all of their hourly employees in this same manner across all of their locations.

5. Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually,

and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' violations of the FLSA. Plaintiff brings his claims under the NYLL and the NYCRR on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts into this action.

6. Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable NYLL and NYCRR limitations period who worked for Defendants in New York and who suffered damages as a result of Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

7. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq.* The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

8. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district, in that Defendants' headquarters is located in this District and Plaintiff performed all of his work for Defendants in this District.

## PARTIES

9. At all relevant times herein, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

10. At all relevant times herein, Defendant Gemstone was and is a New York corporation with its principal place of business and address for service of process located at 183-14 Hillside Avenue, Jamaica, New York 11432.

11. At all relevant times herein, Defendant Mandell was and is the Chief Executive officer of Gemstone, who in that role managed and oversaw, and continues to manage and oversee, the day-to-day operations of the entire business, and who was and is ultimately responsible, with input from certain managers, for all matters with respect to hiring and firing employees, determining employees' rates and methods of pay and work schedules, and for maintaining employees' employment records, including those matters with respect to Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs.

12. At all relevant times herein, Defendant Sansota was and is the deli manager for all of Defendant Gemstone's locations, who in that role managed and oversaw, and continues to manage and oversee, the day-to-day operations of the delis at all of Gemstone's locations, and who with Defendant Mandell's oversight, was and is responsible for hiring and firing employees, determining employees' work schedules, determining employees' rates and methods of pay, and was ultimately responsible for supervising the day-to-day work of the employees working at the delis at all of Defendants' locations.

13. At all relevant times herein, all Defendants were "employers" within the meaning of the FLSA and the NYLL. Additionally, at all times relevant to the FLSA, Gemstone's qualifying annual business exceeded and exceeds $500,000.00. Furthermore, Defendants were and are engaged in interstate commerce within the meaning of the FLSA, as they have employed two or more employees, and have operated a business that purchases and sells numerous products that have moved across state lines, such as fruits, meats, dairy products, and general goods. Defendants also accept payments in cash that naturally moves across state lines, as well as credit cards that are processed by out-of-state banking companies. The combination of these factors subjects Defendants to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

14. Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former hourly-paid employees of Defendants, who during the applicable FLSA limitations period, performed any work for Defendants as assistant managers, cashiers, cooks, stockers, deli clerks, meat clerks, produce clerks, or in a similar position, and who consent to file a claim to recover unpaid overtime compensation and liquidated damages that are legally due to them ("FLSA Plaintiffs").

15. At all relevant times herein, Defendants have treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid at the required rate of one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

16. At all relevant times herein, Defendants are and have been aware of the requirement to pay their non-managerial hourly employees, including Plaintiff and all FLSA Plaintiffs, at the rate of one and one-half times their respective regular rates of pay for all hours worked each week over forty, yet they purposefully and willfully chose and continue to choose not to do so. Indeed, Plaintiff lodged numerous complaints to Defendants that Defendants were not paying him for his overtime hours worked in accordance with the law, but Defendants continued not to pay Plaintiff overtime premiums for his hours worked over forty in a week. Furthermore, Defendants Gemstone and Mandell have previously been sued for violations of the overtime provisions of the FLSA (and

the NYLL), during which they undoubtedly became familiar with the FLSA's requirements to pay hourly employees at the rate of one and one-half times their respective regular rates of pay for all hours worked over forty in a week. *See Marvin Alberto Molina Reyes v. Gemstone Supermarkets, Inc. et al.*, 2:23-cv-05513-NJC-ARL (E.D.N.Y. 2023). Indeed, in that case, the court entered judgment against the defendants for $24,000. Nevertheless, Defendants continued to violate the FLSA as detailed herein.

17. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully failing to pay them overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

18. In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), on behalf of himself, individually, as well as on behalf of all those who are similarly-situated whom Defendants subjected to violations of the NYLL and the NYCRR during the applicable statutory period.

19. Under FRCP 23(b)(3), a plaintiff must plead that:

a. The class is so numerous that joinder is impracticable;

b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

c. Claims or defenses of the representative are typical of the class;

d. The representative will fairly and adequately protect the class; and

e. A class action is superior to other methods of adjudication.

20. Plaintiff seeks certification of the following FRCP 23 class:

Current and former hourly employees, such as assistant managers, cashiers, cooks, stockers, deli clerks, meat clerks, produce clerks, or

> those working in a similar position, who during the applicable NYLL limitations period, performed any work for Defendants in New York ("Rule 23 Plaintiffs").

<u>Numerosity</u>

21. During all times applicable to the NYLL, Defendants have employed, in total, at least forty employees that are putative members of this class.

<u>Common Questions of Law and/or Fact</u>

22. There are common questions of law and fact that govern the claims of each and every Rule 23 Plaintiff and that predominate over any questions solely affecting individual members of the FRCP 23 class, including, but not limited to, the following: (1) the duties that Defendants required and require each Rule 23 Plaintiff to perform; (2) whether Defendants required and require each Rule 23 Plaintiff to work in excess of forty hours in a week; (3) whether Defendants have properly compensated and compensate the Rule 23 Plaintiffs at the legally-mandated rate of one and one-half times their respective regular rates of pay for all hours worked per week over forty; (4) whether Defendants furnished and furnish the Rule 23 Plaintiffs with a wage statement on each payday that accurately contains the information that NYLL § 195(3) requires; (5) whether Defendants furnished and furnish the Rule 23 Plaintiffs with a wage notice at hire that accurately contains the information that NYLL § 195(1) requires; (6) whether Defendants have kept and maintained records with respect to each hour that the Rule 23 Plaintiffs worked; (7) whether Defendants have kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs; (8) whether Defendants maintain any affirmative defenses with respect to the Rule 23 Plaintiffs' claims; (9) whether Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and its supporting regulations; and (10) if so, what constitutes the proper measure of damages.

Typicality of Claims and/or Defenses

23. As described in the "Background Facts" section below, Defendants have employed Plaintiff and Rule 23 Plaintiffs as hourly employees. Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom he seeks to represent, as Plaintiff and the Rule 23 Plaintiffs work and/or have worked for Defendants, in New York, in excess of forty hours in a week, yet Defendants have failed to pay them at the statutorily-required rate of one and one-half times their respective regular rates of pay for all hours worked in a week in excess of forty, while also failing to provide them with an accurate wage statement on each payday or with an accurate wage notice at hire. Plaintiff and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to receive overtime wages at the rate of one and one-half times their regular rates of pay for all hours worked per week in excess of forty, and to be furnished with an accurate wage statement on each payday and an accurate wage notice at hire. Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and its supporting regulations. Plaintiff and the Rule 23 Plaintiffs have all suffered injury, including lack of compensation, or under-compensation, due to Defendants' common policies, practices, and patterns of conduct. Thus, Plaintiff's claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and Defendants' defenses to those claims.

Adequacy

24. Plaintiff, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout his employment with Defendants. Defendants did not pay Plaintiff overtime at the rate of one and one-half times his regular rate of pay for all hours worked over forty in a week, did not furnish him with an accurate wage statement on each payday, and did not furnish him with an accurate wage notice at hire, which is substantially similar to how Defendants have

paid and treated the Rule 23 Plaintiffs. Plaintiff is no longer employed with Defendants and thus has no fear of retribution for his testimony. Plaintiff fully anticipates testifying under oath and providing discovery responses as to all of the matters raised in this Complaint and that will be raised in Defendants' Answer that pertain to him. Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendants have subjected to the treatment alleged herein.

25. Additionally, Plaintiff's counsel has substantial experience in this field of law.

Superiority

26. Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendants have treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

27. Any lawsuit brought by any hourly employee of Defendants for the same violations alleged herein would be identical to a suit brought by any other similar employee for the same violations. Thus, separate litigation would risk inconsistent results.

28. Accordingly, this means of protecting the Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

## BACKGROUND FACTS

29. Defendant Gemstone is a New York corporation that owns and operates several supermarkets in New York under, at least, the following trade names at the following locations:

a. "Holiday Farms Supermarkets"

i. 374 Roslyn Road, Roslyn Heights, New York 11577;

ii. 1 Park Plaza, Glen Head, New York 11545;

iii. 61-50 Springfield Boulevard, Bayside, New York 11364;

iv. 206 New Hyde Park Road, Franklin Square, New York 11010;

v. 8285 Jericho Turnpike, Woodbury, New York 11797;

b. "Key Foods Supermarkets"

i. 183-14 Hillside Avenue, Jamaica, New York 11432;

ii. 164-5 69th Ave, Flushing, New York 11365; and

c. "Locust Valley Supermarket"

i. 220 Birch Hill Road, Locust Valley, New York 11560.

30. As detailed above, Defendant Mandell is the Chief Executive Officer and day-to-day overseer of the business. With his oversight and subject to his ultimate approval, Defendant Sansota, the deli manager for all of Defendant Gemstone's locations, assists him in making significant personnel-related decisions related to employees who work at Defendants' delis. Indeed, to that end, Defendant Sansota, with Mandell's approval, hired Plaintiff, set Plaintiff's hours and rate of pay and paid him, maintained or should have maintained Plaintiff's employment records throughout Plaintiff's employment, and was ultimately responsible for communicating Plaintiff's work instructions to him.

31. Plaintiff worked for Defendants as a deli counter clerk at Defendants' location in Franklin Square, New York, from September 2022 to September 2024, then as an assistant manager at that same location from September 2024 to May 2025, and finally as an assistant manager at Defendants' location in Glen Head, New York, from May 2025 until July 4, 2025.

32. As a counter clerk, Plaintiff's primary job duties consisted of preparing deli meat and serving customers.

33. As an assistant manager, Plaintiff's primary job duties consisted of preparing deli meat, serving customers, and directing other counter clerks to do the same.

34. Throughout Plaintiff's employment, regardless of title or location, Defendants required Plaintiff to work, and Plaintiff did work, six days per week, with Thursdays off, from 8:00 a.m. to 5:00 p.m., with one thirty-minute break during his shift three times a week, for a total of fifty-two and one-half hours per week.

35. Throughout his employment, regardless of title of location, Defendants paid Plaintiff on an hourly basis at the rate of $18.00 from September 2022 to September 2024, and then at the rate of $20.00 from September 2024 to July 4, 2025, for all hours that Plaintiff worked in a week, including those hours that Plaintiff worked in a week over forty.

36. At no time during his employment did Defendants pay Plaintiff at the rate of one and one-half times his regular rate of pay, which should have been $27.00 from September 2022 to September 2024, and then $30.00 from September 2024 to July 4, 2025, for any hours that he worked over forty in a week.

37. By way of example only, for the week of August 12 through August 18, 2024, Defendants required Plaintiff to work, and Plaintiff did work, the following schedule, with a thirty-minute break during three shifts, as a counter clerk at Defendants' Franklin Square location:

Monday, August 12, 2024: 8:00 a.m. to 5:00 p.m.;

Tuesday, August 13, 2024: 8:00 a.m. to 5:00 p.m.;

Wednesday, August 14, 2024: 8:00 a.m. to 5:00 p.m.;

Thursday, August 15, 2024: off;

Friday, August 16, 2024: 8:00 a.m. to 5:00 p.m.;

Saturday, August 17, 2024: 8:00 a.m. to 5:00 p.m.; and

Sunday, August 18, 2024: 8:00 a.m. to 5:00 p.m.

Accordingly, Plaintiff worked a total of fifty-two and one-half hours during this week. In exchange, Defendants paid Plaintiff $18.00 per hour for all hours that he worked, for a total of $945.00. Thus, Defendants did not pay Plaintiff an overtime premium at the rate of one and one-half times his regular rate, which should have been an extra $9.00 per hour, for the twelve and one-half hours that he worked in excess of forty that week.

38. By way of a second example, for the week of March 10 through March 16, 2025, Defendants required Plaintiff to work, and Plaintiff did work, the following schedule, with a thirty-minute break during three shifts, as an assistant manager at Defendants' Franklin Square location:

Monday, March 10, 2025: 8:00 a.m. through 5:00 p.m.;

Tuesday, March 11, 2025: 8:00 a.m. until 5:00 p.m.;

Wednesday, March 12, 2025: 8:00 a.m. until 5:00 p.m.;

Thursday, March 13, 2025: off;

Friday, March 14, 2025: 8:00 a.m. until 5:00 p.m.;

Saturday, March 15, 2025: 8:00 a.m. until 5:00 p.m.; and

Sunday, March 16, 2025: 8:00 a.m. until 5:00 p.m.

Accordingly, Plaintiff worked a total of fifty-two and one-half hours during this week. In exchange, Defendants paid Plaintiff $20.00 per hour for every hour that he worked, for a total of $1,050.00. Thus, Defendants did not pay Plaintiff an overtime premium at the rate of one and one-half times his regular rate, which should have been an extra $10.00 per hour, for the twelve and one-half hours that he worked in excess of forty that week.

39. Defendants paid Plaintiff on a weekly basis, every Friday, by check for his first twenty-five hours, and then in cash for his remaining hours.

40. On each occasion when Defendants paid Plaintiff, Defendants failed to provide Plaintiff with a wage statement that accurately listed Plaintiff's regular and overtime rates of pay or the total wages that he was owed. This failure deprived Plaintiff of the ability to know exactly how much compensation he was entitled to receive and has resulted in the underpayment of wages as asserted herein.

41. Additionally, Defendants failed to provide Plaintiff with a wage notice at the time of his hire that accurately contained, *inter alia*: Plaintiff's rate of pay and basis thereof; whether Plaintiff would be paid by the hour, salary, or in another manner; any allowances claimed; the regular payday designated by Defendants; the name of Defendants; any "doing business as" names used by Defendants; the physical address of Defendants' main office or principal place of business, and a mailing address if different; and Defendants' telephone number. This failure deprived Plaintiff of the ability to know exactly how much compensation he was entitled to receive and resulted in the underpayment of wages as asserted herein.

42. Defendants have acted in the manner described herein to maximize their profits and minimize their labor costs and overhead.

43. Defendants have treated Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs in the same manner described herein.

44. Each hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have worked has been for Defendants' benefit.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS

*Unpaid Overtime Under the FLSA*

45. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

46. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

47. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs were and/or are employees within the meaning of the FLSA.

48. As also described above, Plaintiff and FLSA Plaintiffs have worked in excess of forty hours in a workweek, yet Defendants have failed to compensate them in accordance with the FLSA's overtime provisions.

49. Defendants have willfully violated the FLSA.

50. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

51. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS

*Unpaid Overtime Under the NYLL and the NYCRR*

52. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

53. NYLL § 160 and 12 NYCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

54. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action were and/or are employees within the meaning of the NYLL and the NYCRR.

55. As also described above, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action have worked in excess of forty hours in a workweek, yet Defendants have failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

56. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

57. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

**THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS**

*Failure to Furnish Accurate Wage Statements in Violation of the NYLL*

58. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

59. NYLL § 195(3) requires that employers furnish employees with a wage statement that contains accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

60. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action were and/or are employees within the meaning of the NYLL.

61. As also described above, Defendants, on each payday, have failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action with a wage statement that accurately contained the criteria that the NYLL requires.

62. Pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, Rule 23 Plaintiffs,

and any FLSA Plaintiff who opts into this action in the amount of $250.00 for each workday that the violation occurred, up to a statutory cap of $5,000.00 per person.

## FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS

*Failure to Furnish Accurate Wage Notices in Violation of the NYLL*

63. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

64. NYLL § 195(1) requires that employers furnish employees with a wage notice that contains accurate, specifically enumerated criteria at the time of hire.

65. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action were and/or are employees within the meaning of the NYLL.

66. As also described above, Defendants, at the time of hire, failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action with any wage notice, let alone a wage notice that accurately contained the criteria that the NYLL requires.

67. Pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action in the amount of $50.00 for each workday after the violation initially occurred, up to a statutory cap of $5,000.00 per person.

## DEMAND FOR A JURY TRIAL

68. Pursuant to FRCP 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against Plaintiff, FLSA Plaintiffs, and/or Rule 23 Plaintiffs for participation in any form of this litigation;

d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e. Certification of the claims brought in this case under the NYLL and the NYCRR as a class action pursuant to FRCP 23;

f. Awarding all damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for Defendants' unlawful payment practices;

g. Granting liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

h. Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiff;

i. Designation of Plaintiff and his counsel as collective and class action representatives under the FLSA and the FRCP;

j. Awarding pre-judgment and post-judgment interest, as provided by law; and

k. Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs other and further relief as this Court finds necessary and proper.

Dated: Garden City, New York
November 17, 2025

Respectfully submitted,

BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiff*
910 Franklin Avenue, Suite 205
Garden City, New York 11530
Tel. (516) 248-5550
Fax. (516) 248-6027

By: ______________________________
MICHAEL J. BORRELLI, ESQ. (MB 8533)
ALEXANDER T. COLEMAN, ESQ. (AC 8151)
RYAN S. RIGER, ESQ. (6176655)